Filed 11/4/22  P. v. Perry CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENDALE PERRY,<br><br>    Defendant and Appellant. | A164782<br><br>(Solano County<br>Super. Ct. No. FCR353278) |

Kendale Perry (appellant) appeals from an order modifying his probation to add a term ordering him to pay restitution to the California Victim Compensation Board (Board).  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believes deserves review.  (*People v. Kelly* (2006) 40 Cal.4th 106.)  Appellant has not filed such a brief.  We have reviewed the record, find no arguable issues, and affirm the order.

1

BACKGROUND

In August 2020, appellant was charged with committing domestic violence upon his spouse (Pen. Code, § 273.5, subd. (a)),[1] with an allegation that he inflicted great bodily injury (§ 12022.7, subd. (e)). In May 2021, appellant pled no contest to the domestic violence count in exchange for dismissal of the enhancement and a stipulated sentence. According to the parties' stipulation at the plea hearing, appellant assaulted his spouse on July 12, 2020.

In June 2021, the trial court suspended imposition of sentence and placed appellant on three years' formal probation with various terms and conditions. The court ordered restitution and reserved jurisdiction to determine the amount of restitution. In July 2021, the People filed a motion to modify probation to order restitution of $4,166.06 to the Board for payments made to the victim for medical and/or dental expenses.

At a September 2021 hearing, the court provided appellant with records he had subpoenaed from the Board, which had been redacted by the Board. After briefly reviewing the records, appellant's counsel requested the court order appellant be provided with unredacted copies because with the redactions "there's no meaningful way for me to try to figure out, you know, what these bills were potentially for and how they may have been related to the underlying charge." The prosecutor argued it was sufficient that the records showed they were medical bills incurred by the victim on the date of the offense. The court denied appellant's request for unredacted records and set the matter for a restitution hearing, stating appellant "can calendar

---

[1] All subsequent section references are to the Penal Code.

2

whatever kind of discovery motion that you think is appropriate for that hearing."

The February 2022 restitution hearing was held before a different bench officer and appellant was represented by new counsel. The People presented a declaration from the Board's custodian of records averring that certified copies of the victim's medical bills were attached; the billed amount was $21,735.35; and the Board had paid $4,335.20. The declaration attached two pages of heavily redacted billing records—one for $21,235.35 and the other for $500—identifying the victim as the patient and July 12, 2020 as the date of services.

Appellant argued the People failed to make a prima facie showing because the documentation from the Board was so heavily redacted the nature of services provided could not be determined. After the court found a prima facie showing had been made, appellant argued he was prevented from rebutting any showing because the records he received from the Board in response to subpoenas were also heavily redacted and the court had previously denied his motion to receive unredacted records. Appellant's counsel argued the fact that the medical services were provided on the same date as the offense "doesn't mean that all these things that she was treated for were actually caused by the criminal conduct in this case. We don't know if there was anything preexisting."

The court ordered restitution as requested, finding appellant failed to rebut the prima facie showing, noting "the defense asked to have [the subpoenaed records] un-redacted and that was previously denied, and I don't sit as an appellate court for my colleague in that regard." Appellant filed a notice of appeal from the order modifying probation to order restitution to the Board.

3

## DISCUSSION

Appellant was adequately represented by legal counsel throughout the proceedings.

The records submitted by the People were sufficient to establish a prima facie showing. (§ 1202.4, subd. (f)(4)(A)–(B) [amount paid by the Board to a crime victim "shall be established by copies of bills submitted to the California Victim Compensation Board reflecting the amount paid by the board and whether the services for which payment was made were for medical or dental expenses, funeral or burial expenses, mental health counseling, wage or support losses, or rehabilitation," and that amount "shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered."].)[2]

Appellant failed to establish entitlement to unredacted records. (§ 1202.4, subd. (f)(4)(C) ["If the defendant offers evidence to rebut the presumption established by this paragraph, the court may release additional information contained in the records of the board to the defendant …."]; *People v. Lockwood* (2013) 214 Cal.App.4th 91, 101 ["to obtain the sealed Board records, the defendant must first 'offer[ ] evidence' tending to rebut the presumption"]; cf. *id.* at pp. 95, 98, 101–102 [defendant rebutted presumption by submitting (1) medical records showing that most of the medical expenses were from a hospitalization five months after the defendant's assault and, (2) a declaration by the victim in her divorce proceeding containing evidence of ongoing domestic violence by the victim's husband (not the defendant)].)

---

[2] In fact, for reasons that are unclear from the record, the Board paid the victim more than the restitution amount appellant was ordered to pay the Board.

## DISPOSITION

The order is affirmed.

_____
SIMONS, J.

We concur.

_____
JACKSON, P. J.

_____
BURNS, J.

(A164782)

5